2 Ill. App.3d 646 (1971)
276 N.E.2d 735
PAUL WEXELL, a minor by RICHARD E. WEXELL, his father and next friend, Plaintiff-Appellant,
v.
JUANITA SCOTT, et al., Defendants-Appellees.
No. 71-22.
Illinois Appellate Court  Third District.
December 16, 1971.
*647 Donald Rumley, of Toulon, for appellant.
Barash & Stoerzbach, and Peel, Henning & Mathers, all of Galesburg, for appellee.
Judgment affirmed.
Mr. JUSTICE GUILD delivered the opinion of the court:
The father of Paul Wexell an eleven year old boy, filed suit against the Board of Education of School District 202, Knox County and against a teacher, Juanita Scott, alleging that the teacher Juanita Scott humiliated, embarrassed, degraded and shamed the student by calling him "worthless, undependable, incompetent" and further that he was unfit to ever marry and that if he did, his children would be ashamed of him. Plaintiff contended that he suffered great mental anguish, requiring the care of a physician as a result of this. The second count of the complaint against the Board of Education alleged that the Board was negligent in assigning Juanita Scott as teacher of the class; that it was negligent in failing to remove her as teacher when the complaint was made, and lastly, that the school board was negligent in failing to "take reasonable measures to safeguard the physical and mental welfare of the plaintiff." The trial court upon motion of the defendants, dismissed the complaint and in a written opinion held that the complaint failed to state a cause of action.
The basic question presented to this court, as stated by the trial court is whether or not verbal abuse by a teacher to a minor student is actionable in a civil suit for damages.
Counsel for the plaintiff agrees with the contention of the defendants that the Tort Immunity Act (C 85 pps. 1-202, 1-206 and 1-207 IRS 1969) applies in the instant situation in the absence of wilful and wanton misconduct. Counsel also agrees that a teacher stands in loco parentis in the disciplining of children in the class room. The complaint herein does not allege that the actions of the teacher were wilful or malicious, but counsel contends that her actions were an "intentional tort."
 1 The law in Illinois and in many, if not most, states is succinctly *648 stated in City of Macomb v. Gould (1969), 104 Ill.2d 361, 244 N.E.2d 634:
"We have no doubt of the right of a teacher to inflict corporal punishment in the process of enforcing discipline * * *. He may not wantonly or maliciously inflict corporal punishment and may be guilty of battery if he does so. [citations]."
The question then becomes if a teacher may inflict corporal punishment does the same principle apply in the use of verbal chastisement? We think it does.
 2 Without belaboring the term, we do believe that the teacher does stand in loco parentis, and in the absence of malice or wantonness, it may well be that disparaging comments about a pupil may be necessary and perhaps conducive to proper educational discipline. While we may not agree with the teacher's choice of words of approbation, nonetheless there are but few students who in the course of their education have not been chastised by the teacher! And few indeed, who have not been belittled by their parents for their shortcomings. And as indicated above, the same applies during that part of the day where the teacher assumes the role of parent.
Counsel for plaintiff has cited and relies upon Knierim v. Izzo (1961), 22 Ill.2d 73, 89, N.E.2d as authority for the proposition that an action for damages will lie "resulting from the infliction of severe emotional distress." While the court there recognized a "new tort," one would be strained indeed to apply the principles therein stated to the instant case. In Knierim the court said:
"We conclude that peace of mind is an interest of sufficient importance to receive protection from the law against intentional invasion of the kind here involved. We hold therefore that the allegations that defendant intentionally caused severe emotional disturbance and nervous exhaustion by his threat to murder plaintiff's husband and the fulfillment of the threat states a cause of action."
While the Supreme Court thus recognizes that severe emotional distress is actionable in certain cases, we feel that the court never intended to extend that principle to make a teacher liable for "scolding" her pupil. As pointed out in Knierim, at p. 85, one of the dangers in recognizing the principle there enunciated,
"It has not been suggested that every emotional upset should constitute the basis of an action. Indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts, and the law should aim to toughen the psyche of the citizen rather than pamper it. But a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility."
*649  3 The second count of the plaintiff's complaint seeks damages from the School Board for its negligence in assigning the teacher in question to the class, and its failure to remove the teacher from that class when a complaint was made as to her conduct. Plaintiff contends that if he cannot prevail against the teacher that the School Board should be responsible. With this we do not agree. As we have held that a teacher has the right to verbally chastise her pupil in the absence of alleged or proven malice or wantonness, a cause of action based on those actions against the employer of the teacher obviously must fail. For these reasons we affirm the judgment of the trial court.
Judgment affirmed.
SEIDENFELD and ABRAHAMSON, JJ., concur.