SUZANNE CHILTON, Plaintiff-Appellee, *v.* COOK COUNTY SCHOOL DISTRICT No. 207, MAINE TOWNSHIP, Defendant-Appellant.

(Nos. 58791, 58927 cons.;

First District (2nd Division)—January 14, 1975.

*Rehearing denied March 6, 1975.*

Baker & McKenzie, of Chicago (Francis D. Morrissey and John W. Dondanville, of counsel), for appellant.

Albert F. Hofeld, of Chicago (William J. Harte, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

This action was brought by Suzanne Chilton (hereinafter plaintiff) to recover damages for injuries allegedly caused by the negligence of the defendant school district (hereinafter defendant) and an instructor employed by defendant, Linda Walton, in maintaining and supervising a trampoline class as part of a physical education program. The jury returned a verdict for plaintiff solely against defendant. This appeal emanates from the entry of judgment upon that verdict. On appeal, defendant challenges, *inter alia,* the sufficiency of plaintiff's second amended complaint, filed at the close of all the evidence in the court below, in that the complaint failed to allege that defendant and Linda Walton were guilty of wilful and wanton misconduct in the supervision of the trampoline class.

Defendant presents a number of issues for review:

(1) whether defendant was responsible for injuries sustained by plaintiff in the course of a physical education class as a result of defendant's alleged negligence, as opposed to wilful and wanton misconduct;

(2) whether the court below improperly excluded certain evidence offered by defendant and improperly admitted certain evidence offered by plaintiff; and

(3) whether the court below erred in failing to enter a judgment

notwithstanding the verdict in defendant's behalf when the jury had entered a verdict in favor of Linda Walton and a verdict against the defendant.

On April 25, 1968, plaintiff, a 15-year-old freshman, was injured while performing a trampoline maneuver or "stunt" known as a "front-drop" during a physical education course at Maine Township High School East, one of the schools within the defendant school district. The extent of plaintiff's injuries is not in dispute; suffice it to say they were severe.

At the time of the injury, the high school had required that all freshman students take trampoline as part of its physical education program. Plaintiff had experienced some difficulty in performing the "front-drop" maneuver, but had been encouraged by Linda Walton, her instructor, not to be fearful. Walton gave plaintiff personal instruction in the maneuver. Near the end of class on April 25, 1968, plaintiff, in attempting the execution of a front-drop, descended to the mat incorrectly and suffered injury.

Three or four trampolines had been in use in the class that day, and between 20 and 25 students were participating; Walton was the only instructor. Each trampoline was surrounded by student "spotters," who were to push the students toward the center of the mat if they bounced too close to the periphery of the trampoline. Walton was in charge of supervising and instructing the students using trampolines and would view each of the trampolines in operation alternately. At the moment plaintiff was injured, Walton was approximately 10 feet from plaintiff, watching another student's performance on another trampoline, and, upon being informed of the accident, immediately went to plaintiff's aid.

Evidence as to approximately 70 trampoline injuries occurring between 1963 and 1968 at Maine East High School was submitted by plaintiff in the trial court. The injuries included a wide range of mishaps, from sprained thumbs and bloody noses to muscle sprains and fractures.

The school's safety precautions regarding the trampoline course can be summarized as follows. Certified instructors were to be present at all times, and student spotters were to be stationed around each trampoline in use. Trampoline safety principles were to be taught and demonstrated to all students by an instructor before any student would undertake exercise on the trampoline mat. Students were not to be forced to perform any particular stunt, and the trampoline course was required of all freshman students without regard to any demonstrated ability or experience on the trampoline.

Count I of plaintiff's second amended complaint, with respect to defendant, alleged, *inter alia*, that defendant committed one or more of the following acts or omissions in a careless and negligent manner: (a)

failed to provide adequate supervision of the required trampoline course for beginners; (b) failed to require increasingly close supervision as trampoline injuries increased; (c) failed to require the use of safety harnesses; (d) failed to establish small trampoline classes; (e) failed to provide more teachers per class; (f) failed to require the presence of student leaders; (g) failed to require fewer than four trampolines per class; (h) failed to separate those beginners who were having difficulty in order to watch them more closely; and (i) failed to test beginners on the trampoline to determine who was capable of taking the course and who was not.

Count II of plaintiff's second amended complaint, with respect to Linda Walton, alleged, *inter alia*, that she committed one or more of the following acts or omissions in a careless and negligent manner: (a) continued to encourage plaintiff to perform a certain stunt after it became known that plaintiff lacked confidence and had considerable difficulty in performing the stunt; (b) continued to encourage plaintiff to perform a certain stunt after it because known that other beginners in her class had been injured doing similar stunts; (c) failed to closely supervise plaintiff; and (d) forced plaintiff to do a particular stunt.

At the close of plaintiff's case in chief, and again at the close of all the evidence, defendant moved for a directed verdict in its favor, arguing, generally, that plaintiff's complaint was insufficient in law, as it failed to allege that defendant and Linda Walton were guilty of wilful and wanton misconduct in the supervision of the trampoline class, as was required, defendant contended, by substantive law and section 24—24 of Illinois' School Code. (Ill. Rev. Stat. 1965, ch. 122, par. 24—24.) Defendant made the same argument with regard to the sufficiency of plaintiff's second amended complaint as part of its post-trial motion in the court below. Defendant's motions were denied.

## I.

On appeal, defendant first contends that the trial court erred in failing to direct a verdict in behalf of defendant, arguing principally that section 24—24 of the School Code bound the plaintiff to a standard of proof of wilful and wanton misconduct in the supervision of students in school activities before liability could be imposed upon defendant.

The School Code (Ill. Rev. Stat. 1965, ch. 122, par. 24—24) provides, in pertinent part:

"Maintenance of discipline.

Teachers   *   *   *   shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of par-

ents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

Continuing, defendant argues that the language of section 24—24 conveys broad discretionary powers to the educators of Illinois, who are said to legally stand in a parental relationship to their pupils "in all activities connected with the school program," which would include defendant's physical education program. Therefore, defendant continues, defendant would be clothed with the parental mantle in its supervision of the trampoline class in which plaintiff was injured. Consequently, defendant concludes, when one occupies the place of a parent, that person is liable only for wilful and wanton misconduct against his ward, and not for ordinary negligence, citing *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525, and *Mroczynski v. McGrath* (1966), 34 Ill.2d 451, 216 N.E.2d 137. Finally, defendant states that the trial court should have directed a verdict in its favor because plaintiff was obligated to present evidence to show that it was guilty of wilful and wanton misconduct, rather than ordinary negligence, and that plaintiff had not met that obligation.

Plaintiff, on the other hand, argues that a reading of section 24—24 of the School Code makes it apparent that the section was intended to apply solely to disciplinary situations. Plaintiff urges that section 24—24 represents a mere codification of the common-law rule existent at the time of its enactment in 1965 that a teacher stands in the place of a parent for purposes of discipline, including the administering of corporal punishment, citing, in this latter regard, *Wexell v. Scott* (3rd Dist. 1971), 2 Ill.App.3d 646, 276 N.E.2d 735.

A review and analysis of a number of cases which have involved the issue with which we are confronted in this case are necessary to the issue's resolution here. In *Woodman v. Litchfield Community School Dist. No. 12* (5th Dist. 1968), 102 Ill.App.2d 330, 242 N.E.2d 780, an 8-year-old student was injured after having been kicked in the head by a fellow student while picking up papers from the schoolroom floor at the request of her teacher. The complaint alleged the teacher's employment and charged the teacher, as agent of defendant school district, with numerous acts or omissions of carelessness and negligence in the supervision of the pupils in the classroom, which were the proximate cause of the alleged injury. This court affirmed the dismissal of plaintiff's complaint in *Woodman*, and, after having quoted section 24—24 of the School Code, stated at pages 333-334 of the opinion:

"This statutory enactment would protect a teacher from liability

for mere negligence in supervision or maintaining discipline because of the status conferred; that of a parent or guardian in relation to all the pupils in the classroom. No liability would attach to a parent or one having the relation of parent absent an event constituting willful or wanton conduct. *Nudd v. Matsoukas,* 7 Ill. 2d 608, 131 N.E.2d 525; *Mroczynski v. McGrath,* 34 Ill.2d 451, 216 N.E.2d 137. No such event is alleged in the complaint, nor is any event in the complaint so characterized."

In *Fustin v. Board of Education* (5th Dist. 1968), 101 Ill.App.2d 113, 242 N.E.2d 308, plaintiff, a high-school varsity basketball player, filed a complaint for injuries allegedly resulting when a player on an opposing team struck plaintiff during the course of a basketball game. The complaint charged, in part, that defendant school board, through its agents, had failed to maintain discipline of the players participating in an activity in violation of section 24—24 of the School Code. In affirming the trial court's dismissal of plaintiff's complaint as it related to the negligence of defendant school board, the court reaffirmed the principles of *Woodman,* to the effect that section 24—24 of the School Code protected a teacher from liability for mere negligence in supervision. The court held that as the complaint was, as a matter of law, insufficient against the employees of defendant school board, plaintiff's complaint did not state a cause of action against the school board under a *respondeat superior* theory.

*Mancha v. Field Museum of Natural History* (1st Dist. 1972), 5 Ill. App.3d 699, 283 N.E.2d 899, involved a complaint for injuries suffered when a seventh-grade school student visited a museum with teachers and other students and was accosted and beaten by several youths not connected with the school. The plaintiff in *Mancha* charged, in part, that defendant school district was negligent in permitting the students to leave the school premises without adequate supervision and that the accompanying teachers were negligent in failing to supervise the activities for plaintiff while on the premises of the museum. The trial court dismissed the suit, holding that plaintiff's amended complaint did not state a cause of action against any of the defendants, including the school district. This court affirmed the lower court's dismissal, and, in so doing, reaffirmed the holding of *Woodman* regarding the protection afforded teachers by virtue of section 24—24 of the School Code. The *Mancha* court pointed out that in the case before it, no event constituting wilful or wanton conduct had been alleged in the complaint, nor was any such event in the complaint so characterized. *Mancha,* at 703.

*Merrill v. Catholic Bishop* (2nd Dist. 1972), 8 Ill.App.3d 910, 290 N.E.2d 259, concerned the question of whether a non-profit private

school and its staff were liable for personal injuries suffered by a student at the school due to ordinary negligence. The complaint charged that plaintiff, a seventh-grade school student, was sent by his teacher to a room to cut lengths of wire from a coil to be used for making sculptures in art class. While doing so, plaintiff was struck in the eye by the end of the wire on the coil with the result of loss of vision in that eye. Defendants moved to dismiss on the ground that the complaint failed to state a cause of action because it charged only ordinary negligence, and the trial court sustained the motion on that ground. On appeal, plaintiff, as does the plaintiff in the matter at hand, contended that section 24—24 of the School Code was limited only to disciplinary situations. In affirming the trial court's dismissal, the court held that the activity involved in the *Merrill* case was a part of the activities of the school program, and, therefore, fell within the statutory provisions of section 24—24.

In support of her argument on this point, plaintiff relies principally upon *Matteucci v. High School District No. 208* (1st Dist. 1972), 4 Ill. App.3d 710, 281 N.E.2d 383, which specifically held—in circumstances such as those presented to the *Matteucci* court—that where a high-school class is obliged to use admittedly dangerous machines, there is a duty, upon the instructor, as agent of the school, to exercise due care in instructing the students in the safe and proper use of the machines and also a duty to exercise due care in proper supervision of the students in the use of the machines as a part of regular school activities.[1]

■■ Having surveyed the cases in which the breadth of section 24—24 was considered, we now turn our attention to the instant matter. With all due respect to the courts which have ruled upon the question, it is our opinion that section 24—24 of the School Code did not bind the plaintiff in this case to a standard of proof of wilful and wanton misconduct in the supervision of students in school activities before any liability whatsoever could be imposed upon defendant. We do not believe that the legislature of this state intended, by its enactment of section 24—24, to extend the section's applicability to situations other than those which are disciplinary in nature.

■■ Further, with reference to the record before us, we note that the trial court refused to instruct the jury that the *in loco parentis* standard

---

[1] Regarding the *Matteucci* decision, we have seen fit, by virtue of the doctrine of judicial notice, to examine the appellate briefs filed in that appeal by the parties thereto, with a view toward discovering the precise date the acts complained of therein occurred. Suffice it to say that the acts complained of in *Matteucci* were alleged to have taken place prior to the enactment of section 24—24, and the *Matteucci* court had no reason to, and did not pass upon the applicability of the cited section to the matter before it.

was applicable to the case at bar and that the trial court declared that the basis for its ruling on the point was its belief that section 24—24 applied only to disciplinary situations. We agree, and we find that the cited section does not specifically outline a broader basis for a school's disciplinary and supervisory powers and does not make such broader basis a matter of state law.

Accordingly, then, we hold that the trial court committed no error in failing to direct a verdict in behalf of defendant herein, as, in our judgment, section 24—24 did not bind the plaintiff to a standard of proof of wilful and wanton misconduct in the supervision of students in school activities before liability could attach to defendant.

## II.

Defendant next contends that the court below improperly excluded certain evidence offered by defendant, specifically, evidence of injuries in the Maine Township High School East physical education curriculum as a whole and evidence of the number of students enrolled therein. Defendant argues that the exclusion of the evidence effectively destroyed any attempt to make the relative extent of the injuries in defendant's trampoline program comprehensible to the jury.

Defendant further urges that the court below permitted its case to be irreparably prejudiced by allowing the admission of evidence, offered by plaintiff, regarding prior injuries which had occurred during the course of defendant's trampoline program.

It is the rule in this state that each party to a law suit is entitled to present evidence which is relevant and material to his theory of the case (*In re Application of County Treasurer* (1st Dist. 1973), 14 Ill.App.3d 765, 772, 303 N.E.2d 476), and it has been held that evidence is relevant if it tends to prove a fact in controversy or renders a matter in issue more or less probable. *Wimberley v. Material Service Corp.* (1st Dist. 1973), 12 Ill.App.3d 1051, 1056, 299 N.E.2d 425.

■■ Under these announced standards, it is evident from a reading of the record presented here that the trial court committed no error in either admitting plaintiff's evidence regarding the prior injuries in the trampoline program or in excluding defendant's evidence regarding the school's physical education program in its entirety and the number of students enrolled therein. The former was clearly admissible, as unmistakably relevant to the issue of the notice of the prior injuries possessed by defendant, and the latter was irrelevant and excludable, as it did not tend to prove a fact in controversy or render a matter in issue more or less probable.

## III.

Finally, defendant argues that the court below erred in failing to enter a judgment notwithstanding the verdict in defendant's behalf when the jury had entered a verdict in favor of Linda Walton and a verdict against the defendant.

The record in this case reveals that plaintiff's cause of action against defendant did not rest upon the imputation of Linda Walton's conduct to defendant via the doctrine of *respondeat superior*. Plaintiff alleged, and has been found to have proven, acts of negligence on the part of defendant independent of any acts of negligence for which Linda Walton may have been responsible.

■■ Therefore, we find that there was no inconsistency between the verdict in favor of plaintiff's immediate instructor and the verdict against defendant. Accordingly, we hold that the trial court committed no error in failing to enter a judgment notwithstanding the verdict in defendant's behalf, as such would have been improper.

For these reasons, therefore, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.