Emmett L. COLEMAN, Plaintiff-Appellant,

v.

Gene McNARY et al., Defendants-Respondents.

Nos. 38020 and 38391.

Missouri Court of Appeals, St. Louis District, Division Two.

March 8, 1977.

Rehearing Denied April 15, 1977.

Whitfield, Montgomery & Walton, Harold L. Whitfield, St. Louis, for plaintiff-appellant.

Donald J. Weyerich, Clayton, for defendants-respondents.

McMILLIAN, Presiding Judge.

Plaintiff Emmett L. Coleman appeals from an order entered by the circuit court of St. Louis County, Missouri, dismissing his suit against defendants, St. Louis County, Gene McNary, county supervisors, Jessee Horstman, Joe Cole, and Dorothy Wallace, agents and employees of St. Louis County. Plaintiff alleged the defendants tortiously interfered with a contractual agreement entered into by him with approximately twenty-five home buyers (Count I), and slandered and disparaged him (Count II).

The trial court sustained the defendants' motion to dismiss as to all defendants in Count I, and as to all defendants except Dorothy Wallace in Count II. On December 8, 1976, in response to a motion by defendants to dismiss plaintiff's appeal, we denied the motion as to Count I, and granted it as to Count II. While all the issues and parties had been disposed of in Count I, there still remained the charge against defendant Wallace in Count II. § 512.020 RSMO 1969; *Cooper v. Barr,* 413 S.W.2d 219, 221 (Mo.1967).

On this appeal the sole issue is whether the trial court erred in dismissing Count I on the grounds of sovereign immunity. We hold that it did not and affirm the judgment.

The defendants argue that the trial court did not err in granting the motion to dismiss because they acted in their representative capacities as agents of the county and, as such, were protected against all claims by sovereign immunity.

The plaintiff argues that St. Louis County is not protected by sovereign immunity in the present case because it was engaged in a proprietary rather than a governmental function. The fallacy of plaintiff's argument is that this distinction between a proprietary and governmental function determines whether a *municipality,* not a *county* is protected by sovereign immunity, with one exception, in all of the cases cited by the plaintiff to support his argument, the defendant was a city or town. In *State v. Kopp,* 330 S.W.2d 882 (Mo.1960), where the defendants included a city and the county zoning board, the court again reiterated that the distinction between proprietary and governmental functions for sovereign immunity purposes pertained to municipalities only. *Id.* at 889–90.

In addition, the Missouri courts have consistently distinguished between the two governmental entities and have been willing to abrogate the sovereign immunity doctrine only as to *municipalities* engaged in proprietary functions:

".   .   . [I]t is important to bear in mind the distinction between municipal

corporations (in the strict and proper sense), such as cities, towns and villages, and quasi corporations, such as counties and townships. Municipal corporations exercise both governmental and proprietary (sometimes called corporate) functions. Their liability or nonliability in tort depends on the character of the particular function involved as being governmental on the one hand, or proprietary on the other." *Cullor v. Jackson Township, Putnam County,* 249 S.W.2d 393, 395 (Mo. 1952).

In *Wood v. County of Jackson,* 463 S.W.2d 834 (Mo.1971), the court again pointed to the Missouri policy of treating counties and municipalities differently with regard to sovereign immunity and rejected an argument that such a policy was a denial of equal protection or due process.

■ In summary, it seems well established that while a municipality is protected only against claims which arise from the exercise of its governmental function, a county is protected against all claims by sovereign immunity. Because the defendants here are St. Louis County and its agents, they are protected by sovereign immunity.

■ The sovereign immunity of a county extends to its agents when they are acting in their representative capacities, *Lloyd v. Garren,* 366 S.W.2d 341 (Mo.1963). Here, the defendants Horstman, Cole, and Wallace were acting within their capacities as executives in the St. Louis Office of Community Development and the Meacham Park Project when the alleged torts occurred. Also, the defendants were sued in their representative capacities only, therefore, the sovereign immunity doctrine extends to them.

■ Although the doctrine of sovereign immunity has been heavily criticized by the Missouri Courts, it would not be appropriate for this court to modify the doctrine. The Missouri Supreme Court has stressed repeatedly that this is a task the legislature rather than the courts should perform, *O'Dell v. Sch. Dist. of Independence,* 521 S.W.2d 403, 407–8 (Mo. banc 1975); *Smith*

*v. Consolidated Sch. Dist. No. 2,* 408 S.W.2d 50, 54 (Mo. banc 1966); *Wood v. Jackson County,* 463 S.W.2d 834, 836 (Mo.1971). Numerous issues must be resolved before the doctrine of sovereign immunity is modified. These include—whether certain limitations or exceptions will be recognized, whether special funds will be created or liability insurance obtained, whether provisions will be made to process and defend the large number of claims against the state.

Moreover, in states where the courts have attempted to alter the doctrine, the results have ". . . open[ed] up a Pandor[a]'s box of complex and possible chaotic problems . . .." *Payne v. County of Jackson,* 484 S.W.2d 483, 486 (Mo.1972). In California, when the courts suddenly rejected the sovereign immunity doctrine, *Muskopf v. Corning Hosp. Dist.,* 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457 (1961); *Lipman v. Brisbane Elementary Sch. Dist.,* 55 Cal.2d 224, 11 Cal.Rptr. 97, 359 P.2d 465 (1961), the number of tort claims against the state made it necessary for the legislature to immediately enact a moratorium until the subject could be considered at the next legislative session, Kennedy and Lynch, Some Problems of a Sovereign Without Immunity, 36 Southern Calif.L.R. 161, 172 (1963). In Indiana, following *Perkins v. Indiana,* 252 Ind. 549, 251 N.E.2d 30 (1969), in which the court authorized recovery against the state for negligent acts arising from a nongovernmental function, the attorney general's office was overwhelmed. Within the two years following the decision approximately eighty-five cases were filed against the state. The state could not settle the claims, nor did it have enough attorneys to defend the claims. There were no procedural mechanisms to deal with the caseload and, perhaps more significantly, there were not sufficient funds appropriated for successful plaintiffs to obtain an execution of their judgment, *Payne v. County of Jackson,* supra, at 486–87. In Arkansas, the state Supreme Court abolished sovereign immunity as to torts caused by employees of municipalities while engaged in a gov-

ernmental capacity. *Parish v. Pitts,* 244 Ark. 1239, 429 S.W.2d 45 (Ark.1968). One year later the Arkansas legislature restored the immunity. This experience in other states indicates that any modification in the sovereign immunity doctrine is best treated by the state legislature.

In conclusion, we affirm the trial court's granting of the defendants' motion to dismiss as to Count I. The defendant St. Louis County enjoys full sovereign immunity whether its acts be labelled as governmental or proprietary. Defendants Gene McNary, Horstman, Cole and Wallace are agents of St. Louis County and, because they were sued in their representative capacities, the immunity extends to them also. Lastly, despite the fact that the sovereign immunity doctrine has been heavily criticized it would not be appropriate for this court to modify it in light of the many complex policy considerations which underlie the doctrine.

Accordingly, judgment is affirmed.

STEWART, J., concurs.

SMITH, J., concurs in result.