**Thomas KUHN, Plaintiff-Appellant,**

v.

**LADUE SCHOOL DISTRICT, Defendant-Respondent.**

**No. 61198.**

Supreme Court of Missouri, En Banc.

Nov. 14, 1979.

---

Mark G. Arnold, Donald W. Bird, St. Louis, for plaintiff-appellant.

W. Munro Roberts, Jr., St. Louis, for defendant-respondent.

SEILER, Judge.

This is an appeal in a personal injury case from a judgment of the Circuit Court of St. Louis County sustaining defendant school district's motion to dismiss on the ground of the doctrine of sovereign immunity. This case was transferred here prior to opinion in the court of appeals on the application of the plaintiff-appellant, under Rule 83.06. We will treat this case as if here on original appeal. Mo.Const. art. V, § 10.

Appellant alleges that he suffered a compound fracture of his left arm when he fell from a diving board at the West Ladue Junior High School on April 6, 1976, during a faculty "family fun night."[1] Appellant filed suit against respondent school district alleging that his injuries were a result of respondent's negligence. Appellant asserts that the school district is a "municipality" for the purpose of § 71.185, RSMo 1978, which waives the sovereign immunity of a municipality for torts committed while exercising a governmental function if and to the extent the municipality carries liability insurance.

In *Beiser v. Parkway School District*, 589 S.W.2d 277 (Mo. banc 1979) (No. 61186, decided concurrently herewith), we hold that a school district is not a "municipality" for the purposes of § 71.185, RSMo 1978. The same applies here, of course, and the judgment of the circuit court is therefore affirmed.

DONNELLY, WELLIVER and MORGAN, JJ., and FINCH, Senior Judge, concur.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

RENDLEN, J., dissents and concurs in separate dissenting opinion of BARDGETT, C. J.

HIGGINS, J., not participating because not a member of the court when cause was submitted.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent for the reasons set forth in my dissenting opinion in the case of *Beiser v. Parkway School District*, No. 61186, 589 S.W.2d 277 (Mo. banc, Nov. 14, 1979), decided concurrently herewith.

---

1. In *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977), this court prospectively abolished governmental immunity, effective August 15, 1978. The delay was allowed, among other reasons, in order to permit the legislature to determine whether to reinstate immunity by statute. It has done so, § 537.600, RSMo 1978. In any case, it is clear that the doctrine of sovereign immunity existed prior to August 15, 1978, and in particular served to protect school districts. *O'Dell v. School District of Independence*, 521 S.W.2d 403 (Mo. banc 1975); *Rennie v. Belleview School District*, 521 S.W.2d 423 (Mo. banc 1975).