Irene J. CHRISTOPHEL, Appellant,

v.

PARKWAY SCHOOL DISTRICT,
Respondent.

No. 41291.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 19, 1980.

Application to Transfer Denied
July 15, 1980.

Mark Belz, Clayton, for appellant.

Donald L. James, Gary E. Snodgrass, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff appeals from trial court's dismissal of her petition for failure to state a claim upon which relief could be granted. Plaintiff filed suit on September 20, 1978, against Parkway School District seeking money damages for personal injuries allegedly sustained on defendant's premises on February 20, 1978. The trial court sustained defendant's Motion to Dismiss on the ground that the doctrine of sovereign immunity barred suit against a political subdivision of the State of Missouri.

Prior to *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo.1977), the State of Missouri and its political subdivisions enjoyed governmental immunity from liability and from suit for tortious acts committed by their agents and employees. *O'Dell v. School District of Independence*, 521 S.W.2d 403 (Mo. banc 1975). The Court in *Jones* prospectively abolished this immunity from liability as to all claims arising on or after

August 15, 1978. The court made an exception for *Jones* and cases decided with it by abolishing immediately the immunity. Claims arising after *Jones* and before August 15, 1978, were to remain subject to the sovereign immunity defense.

Plaintiff's claim arose on February 20, 1978 and thus under the ruling in *Jones* is barred by the doctrine of sovereign immunity. She contends, however, that the prospective abrogation of sovereign immunity denies her equal protection of the law in that she is denied the right to recover damages while citizens injured after August 15, 1978 are allowed to recover damages. We disagree.

A classification created by a state which does not infringe upon fundamental rights or which is not drawn on inherently suspect distinctions, such as the one involved here, will be upheld if the challenged classification is rationally related to a legitimate state interest. *New Orleans v. Dukes*, 427 U.S. 297, 302, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511, 516 (1976). The *Jones* decision effectively draws a distinction between two groups: those injured after the date of the ruling in *Jones*, but before the rule takes effect, this group being denied a right to recover, and those injured after the rule in *Jones* takes effect, this group being granted a right to recover. In drawing this classification the court acknowledged that Missouri had traditionally followed the doctrine of sovereign immunity and that its governmental units had relied on this doctrine in formulating their policies and procedures. The Supreme Court therefore made the abrogation prospective "[i]n order that an orderly transition be made, that adequate financial planning take place, that governmental units have time to adjust their practices and that the legislature be afforded an opportunity to consider the subject in general." 557 S.W.2d at 231. We believe that these are legitimate governmental interests which justify the classification drawn by the court. Consequently, we rule against appellant on this point.

Plaintiff next contends that § 537.-600 RSMo. 1978 [1] permits her to recover against defendant. She argues that she may recover under subsection 2 of § 537.600 which establishes an exception to the sovereign immunity doctrine. She claims that even though her cause of action arose before August 13, 1978, the effective date of § 537.600, that she may recover under the statute because she filed her action after that date.

The enactment of § 537.600 does not aid plaintiff. The statute waives immunity from "liability *and* suit" in two instances, not from liability or suit. (emphasis added.) It is apparent from the plain wording of the statute that the legislature intended the waiver of "liability and suit" to occur simultaneously on August 13, 1978, the effective date of § 537.600. Under the statute, the state and its political subdivisions are not answerable in damages except for those claims arising after August 13, 1978. Since plaintiff's claim arose on February 20, 1978, prior to the effective date of § 537.600, she does not benefit from the exceptions provided in the statute.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

1. § 537.600

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.