Phuong NGUYEN, by his mother
and next friend, Thanhha
NGUYEN, Appellant,

v.

Tien NGUYEN, Respondent.

No. WD 48933.

Missouri Court of Appeals,
Western District.

June 7, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Jimmie D. James and M. Ellen Bigge,
Independence, for appellant.

Richard F. Modin and Phillip R. Holloway,
Kansas City, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and ELLIS, JJ.

PER CURIAM:

Phuong Nguyen appeals the summary
judgment granted in favor of his father, Tien
Nguyen, in a personal injury action. Af-
firmed.

On June 1, 1993, Phuong Nguyen, a minor, by his mother and next friend, Thanhha Nguyen, filed a petition for damages in the Circuit Court of Jackson County against his father, Tien Nguyen for injuries suffered as a result of an automobile accident. The petition alleged, *inter alia*, that on July 28, 1990, Tien negligently operated his automobile which resulted in a collision with another vehicle and caused severe injuries to Phuong.

On July 1, 1993, Tien filed his answer to the petition for damages claiming the action was barred by the parental immunity doctrine. On October 14, 1993, Tien filed a motion for summary judgment. In his suggestions in support of his motion, Tien pointed out that, although it was abolished by the Missouri Supreme Court in *Hartman v. Hartman*, 821 S.W.2d 852 (Mo. banc 1991), the parental immunity doctrine was still in effect on the date of Phuong's accident. Tien also argued that *Hartman* could not be applied retroactively because Phuong had failed to meet any of the criteria required for such application.[1] The trial court sustained Tien's motion for summary judgment on November 23, 1993, noting that *Hartman* only applied prospectively except in limited cases.

On December 30, 1993, Phuong filed an appeal in the Missouri Supreme Court which was subsequently transferred to this court. Phuong then filed a motion with this court to transfer his appeal to the Missouri Supreme Court on the ground this court was without jurisdiction to decide the constitutionality of *Hartman*. On February 25, 1994, this court denied Phuong's request for transfer.

For his sole point on appeal, Phuong contends the trial court erred in sustaining Tien's motion for summary judgment. Phuong claims the *Hartman* ruling violates his equal protection rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution. Phuong concedes on appeal that his claim, which arose on July 28, 1990, but was not filed until June 1, 1993, does not qualify for retroactive application under the guidelines set forth in *Hartman*. Thus, his cause of action was properly barred on the basis of parental immunity. Nevertheless, Phuong claims that the selective application of the *Hartman* decision denies him equal protection of the law. He argues that the ruling arbitrarily and unreasonably prevents him from proceeding with his cause of action, while allowing other claimants injured before December 17, 1991, whose claims were filed and pending in the trial court or preserved for appellate review on that date, to proceed.

In analyzing whether equal protection rights have been violated, this court must first determine whether the challenged classification " 'operates to the disadvantage of some suspect class or impinges upon a fundamental right' " protected by the Constitution. *State Bd. of Registration for Healing Arts v. Giffen*, 651 S.W.2d 475, 479 (Mo. banc 1983) (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17, 93 S.Ct. 1278, 1287, 36 L.Ed.2d 16 (1973)). If neither a suspect class or a fundamental right is involved, the classification will be upheld if it is rationally related to a legitimate state interest. *Powell v. American Motors Corp.*, 834 S.W.2d 184, 190 (Mo. banc 1992). The party challenging such a classification bears the burden of showing that it is not premised upon any rational basis and is purely arbitrary. *Belton v. Board of Police Comm'rs*, 708 S.W.2d 131, 139 (Mo. banc 1986). This court will uphold the classification "if any state of facts can be reasonably conceived which would justify it." *Id.* Here, there is no "suspect class" or "fundamental right" involved.[2] Therefore, the classification in-

---

1. *Hartman* was decided on December 17, 1991. In order to be entitled to retroactive application of *Hartman*, the aggrieved party must (1) have had a claim pending in the trial court as of the date of the issuance of the *Hartman* decision challenging the validity of the parental immunity doctrine; or (2) have had a case where an appealable order had been entered by the trial court and in which the issue of the validity of the parental immunity doctrine had been properly preserved for appellate review as of the date *Hartman* was handed down. *Hartman*, 821 S.W.2d at 858.

2. Rights which are considered "fundamental" include freedom of speech, freedom of the press, freedom of religion, the right to vote and the right to procreate. *Powell*, 834 S.W.2d at 190. "Suspect classes" include those classes based upon race, national origin or illegitimacy. *Id.*

volved in this case will be upheld if there is a rational basis for the Missouri Supreme Court's directive regarding the retroactive application of *Hartman.*

Prior to *Hartman,* unemancipated minors were not allowed to bring negligence actions against their parents. *See Baker v. Baker,* 364 Mo. 453, 263 S.W.2d 29 (1953). In *Hartman,* the Court specified the following with regard to the application of its ruling:

> This holding shall apply only to those cases pending in the trial court in which a claim challenging and seeking the overturn of [the] parental immunity doctrine has been timely raised as of the date of issuance of this opinion as well as to those cases in which appealable orders have been entered by the trial court and in which the aggrieved party (or parties) has preserved such issue in a timely manner for appellate review as of the date of issuance of this opinion and to causes of action that arise after the date of issuance of this opinion.

*Hartman,* 821 S.W.2d at 858. It is well-settled that the Missouri Supreme Court has the inherent authority to determine whether a decision which changes a rule of law is to be applied retrospectively or prospectively. *State v. Walker,* 616 S.W.2d 48, 48–49 (Mo. banc 1981). In previous cases involving constitutional challenges to the applicability of immunity abrogation decisions, the courts of this state have found no violation of the equal protection rights of claimants seeking retrospective application. *Spearman v. University City Pub. Sch. Dist.,* 617 S.W.2d 68, 69 (Mo. banc 1981); *see also Cox v. Department of Natural Resources,* 699 S.W.2d 443, 446–47 (Mo.App.1985) (following *Spearman*).

In *Spearman,* a student filed an action against his gym instructors and the school district for injuries sustained as a result of a fall from a trampoline. The school district filed a motion to dismiss on the ground that the action was barred by the sovereign immunity doctrine, which was later prospectively abolished in *Jones v. State Highway Comm'n,* 557 S.W.2d 225 (Mo. banc 1977)[3] as to claims arising on or after August 15, 1978. The trial court sustained the motion to dismiss and the student appealed. The case was ultimately transferred to the Missouri Supreme Court. The student, whose injuries had occurred prior to the effective date of *Jones,* argued, *inter alia,* that the prospective-only application of the *Jones* decision violated his equal protection rights by denying him a right to recover. In rejecting this argument, the Missouri Supreme Court adopted the view that it has the " 'inherent power as the highest court of this State to give a decision prospective or retrospective application without offending constitutional principles.' " *Spearman,* 617 S.W.2d at 69 (quoting *Molitor v. Kaneland Community Unit Sch. Dist. No. 302,* 18 Ill.2d 11, 163 N.E.2d 89, 97 (1959), *cert. denied,* 362 U.S. 968, 80 S.Ct. 955, 4 L.Ed.2d 900 (1960)).

 As Phuong correctly points out, the underlying rationale for *Hartman* was to alleviate hardship to minors and their parents by allowing a child to recover for injuries resulting from the negligent act of a parent. He argues that the governmental interest in the preservation of family harmony will be "irreparably damaged" because the new rule does not retrospectively apply to all claimants. We disagree. In determining whether to apply its decision prospectively or retroactively, the *Hartman* Court was no doubt aware that some claimants with prior injuries would be excluded because they had not filed claims challenging the parental immunity doctrine on or before December 17, 1991. Limiting retrospective application to those cases already pending at the time of the ruling also reflected the Court's desire to refrain from "opening the floodgates" of litigation while allowing the court to make an important change in the law. Since the statute of limitations in tort actions may be tolled until a minor reaches the age of twenty-one,[4] permitting retroactive application to all claims involving prior injuries could conceivably result in suits being filed by minors for injuries which oc-

---

**3.** In 1978, the General Assembly enacted § 537.-600, RSMo 1978, which effectively reinstated the sovereign immunity doctrine to its pre-*Jones* status with two limited exceptions.

**4.** *See Nelson v. Browning,* 391 S.W.2d 873, 880–81 (Mo.1965); § 516.170, RSMo Supp.1993.

curred more than twenty years before *Hartman*. Such a fully retrospective approach would undoubtedly have a negative impact on a considerable number of defendants and their insurers who have relied on the parental immunity doctrine over the past several years. By contrast, Phuong has not demonstrated that he has incurred any hardship as a result of the *Hartman* ruling. He simply remains in the same position he was before the decision.

For the foregoing reasons, we find the *Hartman* approach reasonable, justified, and rationally related to a legitimate state interest. Accordingly, the trial court's ruling with respect to Tien's motion for summary judgment is affirmed.