### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1854, AT ST. LOUIS.

———————

PENN'S ADMINISTRATOR, Defendant in Error, *vs.* WATSON, Plaintiff in Error.*

1. Where there are mutual running accounts, and the last item on either side is not barred by the statute of limitations, the whole account is saved from the operation of the statute.
2. A plaintiff's books of account kept by a clerk, then absent in a sister state, accompanied by plaintiff's suppletory oath, *were held* inadmissible evidence in his favor, it not appearing that the entries were made at or near the time of sale.
3. Under the new practice act, the distributee of a solvent estate is not a competent witness for the estate.
4. The provision in the administration law of 1845, that an administrator shall not be an incompetent witness for the estate, as to facts which occurred before his qualification, does not apply when he is at the same time a distributee.

*Error to St. Louis Circuit Court.*

This was an action brought in April, 1851, by W. P. Penn, administrator of Shad. Penn, deceased, to recover a balance due the intestate on a running account, the particulars of

———————

* This case was decided at the March term, 1852, and so far as relates to the incompetency of a distributee as a witness for a solvent estate, is overruled by the next succeeding case, which was decided at the March term, 1853.

which appear in the opinion of the court. The defendant relied upon the statute of limitations, and also filed an off-set, the particulars of which appear in the opinion. At the trial, the plaintiff offered himself as a witness. On his *voir dire*, he stated that he was a son and one of the heirs of the intestate, and that he believed the estate to be solvent. The court permitted him to testify, to which the defendant excepted. To establish his off-set, the defendant offered his own books of account in evidence, first proving that they had been kept by his sons, who had removed to California. A witness, who had been in the habit of dealing with defendant, testified to his belief that the books had been correctly kept. The plaintiff offered, with the books, his own suppletory oath. The court refused to permit the books to be read in evidence, to which the defendant excepted. After judgment for plaintiff, defendant appealed.

*A. P. & P. B. Garesché*, for plaintiff in error. 1. W. P. Penn, being a distributee of the estate, which is solvent, is a party for whose *immediate benefit* the suit is prosecuted, and an incompetent witness under the code. 2. The defendant's books of original entry, having been shown to have been kept by a person other than himself, were admissible in his favor. (1 Greenl. Ev. §117. 1 Phill. Ev. ch. 7, §7.) 3. The statute of limitations was a good defence to those items in plaintiff's account, which accrued more than five years before the commencement of the suit. If this suit had been founded on an open account for goods sold, or a store account, it would have been barred after the lapse of two years. Not being such an account, the doctrine of mutual credits does not apply, unless there are items *on both sides* within the period of limitation. (2 Greenl. Ev. part 4, §445.)

No brief filed for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, Worden P. Penn, as administrator of S. Penn, jr., deceased, against Ringrose

D. Watson, on an account for advertising and for subscription to the Missouri Reporter, extending from January, 1844, up to July 27th, 1846, for the sum of $62 41, on which account are credits for sundries, at different times, during the periods aforesaid, $21 75; products, per orders of W. P. Penn, during August, 1849, $12 10, making credits amount to $33 85, leaving a balance of $28 56 due the estate.

The defendant relies upon the statute of limitations, and called, by his answer, upon the court to allow him the benefit of that statute, and also his set-off against the account. This set-off consists of two orders from the plaintiff, as administrator of the estate of S. Penn, jr., deceased; one is, "for five dollars' worth of fruit, vegetables, and other articles, which shall be credited upon your account, due the estate of Shadrach Penn, Jr., deceased." This order is dated August 16, 1849. The other is dated August 27, 1849, and requests the defendant "to let the bearer have such articles as he may choose, amounting to five or eight dollars, for which he will receipt, and the amount shall be credited on your account due the estate of Shadrach Penn, jr., deceased;"—and an account from March, 1844, up to February 26, 1845, for queensware, &c., amounting to $44 01.

The court refused to declare that the plaintiff's account was barred by the statute of limitations. The court also refused to permit the books of account of the defendant to be read in evidence as proof of the items in the account of the set-off.

Upon the trial, the plaintiff was introduced as a witness, to prove some of the items in the account against the defendant. He was first sworn on his *voir dire*, and stated he was a son of the deceased, Shadrach Penn, jr., and that the estate was solvent. The defendant then objected to him as a witness; his objection was overruled and exceptions taken. The jury found for plaintiff; a motion was made for a new trial, overruled and exceptions filed. The defendant brings the case here by writ of error.

1. The court properly refused to declare that the statute of

limitations barred the plaintiff's right of action. Here were mutual accounts, some of the items coming down to the period within the limitation. There was a set-off, expressly admitting that the first two items thereof were to be credited on the account of the estate against the defendant; these items bringing down his account within the period of the limitations. The statute, then, was properly declared to have nothing to do with the case.

2. The court also properly excluded the books of account of the defendant. He had made no case for their admission. The authorities cited by the counsel for the defendant, do not support his view of this matter. The clerks of the defendant were absent in a sister state. No proof was offered by him to show that the items of the account were charged at the time of the sale, or near to the time. See 1 Greenl. Ev. sec. 117, part 2.

3. The only remaining point is the admissibility of the plaintiff as a witness to support his action. On this point, we think the court erred. The 25th article of the code of practice of 1849, sec. 1, declares that "no person offered as a witness, shall be excluded by reason of his interest in the event of the action." Sec. 2. "The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action, assigned for the purpose of making him a witness."

The witness here was the plaintiff, "a party to the suit." He was called to prove the amount due to the estate of his deceased father, which was solvent, and, consequently, was called to increase the fund from which he was in law to receive his distributive share. He was expressly within the first clause of the second section above cited; he was "party to the action." He was also within the second clause. The suit was prosecuted for his benefit, as well as for the benefit of others. Under this statute, then, he was clearly incompetent.

4. The statute concerning administration, article 2, section 24, p. 76, R. C. 1845, declares that, "In all actions prose-

cuted or defended by or against any executor or administrator, he shall not be disqualified from being a witness, as to facts occurring anterior to his qualification, on account of his being such executor or administrator — that is, the bare official character of administrator or executor shall not disqualify him as a witness to such facts, although he be a party to the suit ; but when interest attaches to the administrator or executor, he is not competent to be a witness. His office of executor or administrator does not disqualify him as a witness ; but this office will not qualify him by rendering him competent, when he is interested in the suit.

The court, therefore, erred in admitting the plaintiff to testify for himself in this case, on his own motion. The other judges concurring, the judgment below is reversed, and the cause remanded for further proceedings, in accordance with this opinion.