Roger J. LEHMEN, a minor by next friend, Delbert J. Lehmen and Delbert J. Lehmen and Helena H. Lehmen, Appellants,

v.

Lawrence WANSING, Floyd Reinkemeyer, Charles Schroeder, Lee Wieberg, James Fennewald and Harvey Buhr consisting of the Board of Education of Reorganized School District R–3 of Osage County, Missouri, Donald Stieferman, Dudley Cavender, Jerrold Robison and Future Farmers of America, Respondents.

No. 62598.

Supreme Court of Missouri, En Banc.

Sept. 8, 1981.

Opinion Concurring in Part and Dissenting in Part Dec. 8, 1981.

Walter W. Nowotny, Jr., Willard C. Reine, Jefferson City, for appellants.

Kelly Pool, J. Kent Lowry, Jefferson City, Joseph L. Leritz, Thomas J. Plunkert, St. Louis, for respondents.

RENDLEN, Judge.

Plaintiffs sought review in the Court of Appeals, Western District, for summary judgment awarded defendants in the Circuit Court of Cole County. The cause, transferred here on plaintiffs' application prior to opinion, is examined for error as though on original appeal. Art. V, § 10, Mo.Const.; Rules 83.06 and 83.09.

Roger Lehmen, a minor, and his parents, Delbert and Helena Lehmen, brought suit for Roger's injuries, alleged to have occurred while he was a student at Fatima

High School in Osage County, Missouri. Enrolled in a vocational agriculture class, Roger and other students on February 27, 1976, were, as part of the curriculum, constructing hard oak lumber feed bunks. As they were nailing strips of the oak lumber, a nail flew through the air striking Roger in his left eye permanently depriving him of normal sight. Plaintiffs contend the injuries resulted from defendants' negligence in supplying lumber too hard for its intended use and failing to take certain precautions in connection with that activity.

Their second amended petition named as defendants, (1) members of the Board of Education of Reorganized School District R–3 of Osage County, Missouri, "in their official capacity" (2) Donald Stieferman, superintendent of the school district, "individually and as the agent, servant and employee of Defendant Board of Education", (3) Dudley Cavender, principal of the high school "individually and as the agent, servant, and employee of Defendant Board of Education", and (4) Jerrold Robison, teacher of the vocational agriculture course, "individually and as an agent, servant, and employee of Defendant Board of Education".[1]

It was stipulated that defendants, on the date of the injury, had secured liability insurance covering at least a portion of plaintiffs' damages, nevertheless, the motions for summary judgment were sustained and judgment entered on the ground that defendants were shielded from plaintiffs' claims by the doctrine of sovereign immunity. In their appeal, plaintiffs contend that by purchasing liability insurance defendants waived protection of sovereign immunity at least to the extent of the insurance coverage.

■ The law of sovereign immunity has caromed through recent judicial decisions and legislative enactments, see, Jones v. State Highway Commission, 557 S.W.2d 225 (Mo. banc 1977); § 537.600, et seq., RSMo 1978, producing an uncertainty reflected in the trial court's determination of the doctrine's scope. Our recent pronouncement in Spearman v. University City Public School District, 617 S.W.2d 68 (Mo.1981), rendered subsequent to the trial court's action in the instant case, has settled the issue of waiver. Purchase of liability insurance does not estop a governmental entity from asserting the defense of sovereign immunity, id. at pp. 69 & 70 hence, the trial court's ruling implicitly negating plaintiffs' allegations of waiver is affirmed.

■ Additionally Spearman reaffirmed our holding in Jones v. State Highway Commission, 557 S.W.2d 225 (Mo. banc 1977), that governmental agencies of the sort affected by that decision would continue to be cloaked by sovereign immunity as to causes of action arising prior to August 15, 1978. Id. at pp. 69–70. Thus, the trial court correctly determined that plaintiffs' action against the Board of Education arising February 27, 1976, was barred by the doctrine. However, Spearman involved public employees and officials (two teachers) who are not, as explained there, necessarily personally immune from suit for their wrongdoings. Id. at pp. 71–72. In the case sub judice, it is averred that defendants Stieferman, Cavender and Robison were "acting individually . . . ."[2] Because plain-

---

1. Plaintiffs have dismissed their appeal from a judgment in favor of a fifth defendant, Future Farmers of America.

2. Although Spearman deals with suits against instructors only, we believe its tenets are apposite to principals and superintendents charged with liability for their personal fault for nothing appears immunizing these officials from actions for their direct tortious acts. See, Williams v. School District of Springfield R–12, 447 S.W.2d 256 (Mo.1969); Smith v. Consolidated School District No. 2, 408 S.W.2d 50 (Mo. banc 1966); Kersey v. Harbin, 591 S.W.2d 745

(Mo.App.1979). For similar views from other jurisdictions, see, Copley v. Board of Education of Hopkins, Co., 466 S.W.2d 952 (Ky.1971); Esposito v. Emery, 249 F.Supp. 308 (E.D.Pa. 1965); Gray v. Wood, 75 R.I. 123, 64 A.2d 191 (1949); Selleck v. Board of Education, 276 App. Div. 263, 94 N.Y.S.2d 318 (1949); Annot., Personal Liability of Public School Officers, or Teachers or Other Employees for Negligence, 32 A.L.R.2d 1163, 1178 (1953).

tiffs apparently are attempting to state a cause of action against each of these defendants for his alleged individual tortious conduct, the trial court erred in granting summary judgment based on sovereign immunity. As the liability of each defendant will depend on the degree of care he owes in the fact situation alleged, plaintiffs may be able to plead the breach of personal duty as to each defendant in the misfeasance or nonfeasance averred. Accordingly, as in *Spearman*, we believe plaintiffs should be given further opportunity to state with particularity their claims against Stieferman, Cavender and Robison.

Judgment affirmed as to Wansing, Reinkemeyer, Schroeder, Wieberg, Fennewald and Buhr, the Board of Education of Reorganized School District R–3 of Osage County, Missouri. Judgment reversed and remanded as to Stieferman, Cavender and Robison.

All concur.

WELLIVER, J., withdraws concurrence on December 8, 1981 and files separate opinion concurring in part and dissenting in part.

WELLIVER, Judge, concurring in part and dissenting in part.

I withdraw my prior vote concurring in the principal opinion and file herewith my separate opinion concurring in part and dissenting in part.

I concur in that part of the opinion which holds that the purchase of insurance does not estop the school board from asserting the defense of sovereign immunity. *Spearman v. University City Public School District*, 617 S.W.2d 68 (Mo. banc 1981).

The balance of the opinion, which would remand the case and invite continuation of the litigation against the school teachers was unnecessary for resolution of the issues before us.

Upon filing of the motion for rehearing, I reviewed the briefs and the tapes of the arguments of counsel made in our Court. In their brief, plaintiffs-appellants stated: "All respondents are being sued for their negligence while they were acting for and in behalf of the said school district." Plaintiffs-appellants' counsel, upon questioning by the Court, stated that the original petitions indicate that the school teachers had been sued both *individually and as agents and servants of the school board.* Counsel then indicated that depositions had been taken and that the teachers' "involvement was more of that supervisory type activity which was not direct negligence, ...." Counsel's final statement was that "[I]f you agree with the circuit judge that sovereign immunity is not waived by [the school board's] purchase of insurance we would say then you would uphold the decision completely."

Upon this state of the record, plaintiffs-appellants had abandoned their claim against the school teachers as individuals and there was no submissible claim pending against the teachers nor was there any request by plaintiffs-appellants that they be given an opportunity to amend their petition in order to attempt to state a cause of action against the teachers. Under these circumstances, the inclusion of the balance of the opinion, an otherwise accurate and abstract statement of law, could not be deemed other than an invitation to the plaintiffs-appellants to continue the litigation against the teachers.

I therefore dissent against that portion of the opinion which would remand the case thereby inviting further litigation against the school teachers. I would affirm the action of the trial court in dismissing all claims.