Jessica JACKSON and Rusty Jackson,
Plaintiffs/Appellants,

v.

Delores ROBERTS and John Schultheis,
Defendants/Respondents.

No. 55644.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Carrie L. Kmoch, St. Louis, for plaintiffs/appellants.

Kenneth C. Broston, and Sandra J. Allen, Douglas A. Forsyth, and Laurel T. Siemers, St. Louis, for defendants/respondents.

GRIMM, Presiding Judge.

Plaintiffs, seven-year old Jessica Jackson and her father, appeal the trial court's order sustaining defendants' motions to dismiss their petition. The petition charges defendants, Jessica's school teacher and assistant principal, with negligence. The motions to dismiss allege that defendants are "immune from suit by reason and application of the doctrine of official immunity." We reverse and remand.

Plaintiffs' fourth amended petition alleges that Jessica was injured while crossing the street to reach her father's car. After leaving the school at the end of the school day, she walked between two parked school buses, lost her balance, fell into the street, and was struck by an automobile.

The petition alleges, in separate but similar counts, that defendants were each negligent. The specific allegations are that defendants failed to 1) properly escort Jessica to her waiting transportation, 2) properly supervise Jessica as she was walking to her transportation, and 3) warn Jessica of the danger of walking between school buses and into the roadway.

Plaintiffs' allege that the trial court erred in sustaining defendants' motions to dismiss based on the doctrine of official immunity. We construe their point relied on to include the assertion that a school teacher and assistant principal are not "public officers" and are therefore not entitled to protection under the doctrine of official immunity.

The doctrine of official immunity has long been recognized in Missouri. *See Reed v. Conway,* 20 Mo. 15, 32 (1854). Through application of official immunity, *"public officers* acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 835 (Mo. banc 1985) (Emphasis added).

The parties have not cited, nor has our research disclosed, any Missouri case deciding whether public school teachers or principals are "public officers." There is, how-

ever, a substantial line of authority in other jurisdictions denying the status of "public officers" to teachers. *See,* e.g., *Board of Educ. v. Bacon,* 22 Ga.App. 72, 95 S.E. 753 (1918) (teacher and superintendent); *Alexander v. School Dist.,* 84 Or. 172, 164 P. 711 (banc 1917) (teacher and principal); *Pedlosky v. Massachusetts Inst. of Technology,* 352 Mass. 127, 224 N.E.2d 414 (1967) (assistant professor); *Jones v. Hopper,* 410 F.2d 1323 (10th Cir.1969) (associate professor); *Tilley v. Rogers,* 405 S.W.2d 220 (Tex.Ct.App.1966) (associate professor); *Seher v. Woodlawn School Dist. No. 26,* 79 N.D. 818, 59 N.W.2d 805 (1953) (elementary and secondary school teacher); *Coble v. School Dist.,* 178 Pa.Super. 301, 116 A.2d 113 (1955) (teacher); *Duncan v. Koustenis,* 260 Md. 98, 271 A.2d 547 (1970) (junior high school teacher); *State ex rel. Bd. of Directors of School Dist. v. Preston,* 120 Wash. 569, 208 P. 47 (1922) (principal and teacher). *See also* Annotation, *Status of Teacher as an Officer or Employee,* 75 A.L.R. 1352 (1931); *cf. Eason v. Majors,* 111 Neb. 288, 196 N.W. 133 (1923) (finding principal and teacher to be a public officer for purposes of challenging removal by means of quo warranto).

Although Missouri courts have not ruled whether teachers are public officers, it is clear that teachers are not immune from liability for their negligent acts or omissions. In *Kersey v. Harbin,* 591 S.W.2d 745 (Mo.App.S.D.1979), a student's parents instituted a wrongful death action against a school teacher and principal, as well as others. Numerous allegations of negligence were pled, including failure to provide adequate supervision of the students.

In affirming the trial court's refusal to grant defendants' motions to dismiss, the Southern District rejected the defendants' arguments that, as school officials, they were "clothed with a species of immunity" and could not be held liable for their negligence. *Id.* at 748. The court observed that it had "found no rule of law, no line of authority, which clothes any of the defendants with immunity for his negligent

acts." *Id.* at 749. "[T]he tort liability of supervisory public school employees and teachers for inadequate supervision of their students is highly subjective, and the scope of their duty is extremely narrow. Nevertheless, we do not find the defendants to be immune." *Id.* at 751.

Two years later, our Supreme Court expressed agreement with the holding of *Kersey. Spearman v. University City Public School Dist.,* 617 S.W.2d 68 (Mo. banc 1981). There, the court said, "[w]e agree with the view expressed by the Southern District, in *Kersey, supra,* that no line of authority clothes school teachers with immunity from liability for their negligent acts." *Id.* at 71.

That same year in *Lehmen v. Wansing,* 624 S.W.2d 1 (Mo. banc 1981), the court expressed its view that the *Spearman* "tenets are apposite to principals and superintendents." The court further observed that nothing appears to immunize those individuals from liability for their direct tortious acts. *Id.* at 2 n. 2.

We reiterate that, both before the trial court and here, the parties briefed and argued only one point: "official immunity." As a result, our opinion is limited to that issue. We hold that defendants are not immune from suit by reason of the doctrine of official immunity. We express no opinion as to whether plaintiffs' petition states a cause of action for negligence.

The trial court's judgment is reversed and the cause remanded.[*]

GARY M. GAERTNER and KAROHL, JJ., concur.

---

[*] Defendant Roberts' motion to supplement the record on appeal with depositions of Delores Roberts and Artie Whitmore is denied.