Thomas WEBB, etc., et al., Appellants,

v.

Hal REISEL, et al., Respondents.

No. 62414.

Missouri Court of Appeals,
Eastern District,
Division One.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 18, 1993.

Michael A. Gross, Roy A. Walther, III, St. Louis, for appellants.

Daniel J. Bruntrager, St. Louis, for respondents.

CRIST, Judge.

Thomas Webb (Student) was injured when struck by an automobile after getting off a school bus. Student and his mother, Cathy Robinson (Mother), individually and as next friend for Student, filed suit against Hal Reisel, director of pupil transportation for St. Louis Public Schools (Director), and against a school bus company. They alleged, in part, Student's injuries were caused by Director's failure (1) to designate a safe debusing location, (2) to adequately supervise the debusing of its passengers, (3) to establish guidelines for the supervision for the debusing, and (4) to have passengers debus on a sidewalk. Director filed a motion for summary judgment based on official immunity and the public duty doctrine. The trial court granted that motion based on official immunity and certified the order as final pursuant to Rule 74.01(b). We affirm.

Summary judgment is properly granted when a movant establishes a right to judgment flowing from facts about which there is no genuine dispute. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. banc 1993). A defending party establishes a right to judgment by showing (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381.

"[O]nce a movant has met the burden imposed by Rule 74.04(c) by establishing a right to judgment as a matter of law, the non-movant's *only* recourse is to show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or

more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* at 381. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Id.* at 382.

■ Director's motion for summary judgment was sustained on the basis of his official immunity as director of pupil transportation for the St. Louis Public School system. The threshold requirement for application of the doctrine of official immunity is that the person invoking the doctrine be a public official. *Lynn v. T.I.M.E.-D.C., Inc.,* 710 S.W.2d 359, 361 (Mo.App.1986).

A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer. That portion of the sovereign's power delegated to the officer must be exercised independently, with some continuity and without control of a superior power other than the law.

*State ex rel. Eli Lilly & Co. v. Gaertner,* 619 S.W.2d 761, 764[5–6] (Mo.App.1981) (citations omitted).

In his motion for summary judgment, Director referenced his deposition to support he was a public official. Director stated he was director of pupil transportation for the St. Louis Public Schools and, as such, was responsible for the safe and efficient transport of approximately 14,500 students. Director supervises four transportation specialists who do "what's necessary to organize the transport of school children to and from school in a school year." With the aid of his staff, Director is responsible for designating bus routes and debusing points for the school children.

Director stated he and his staff follow the guidelines of the Department of Secondary and Elementary Education in determining bus routes and debusing points. Director stated the carrier with whom the school district contracts to implement the bus routes has no input in the designation of debusing locations, although it does translate the routes supplied it into narrative form. He also stated his staff is very familiar with the city of St. Louis, and will drive out to investigate unfamiliar potential debusing sites. He stated he did not personally designate the debusing point at which Student was dropped off. He also said he had a supervisor who was the Associate Superintendent for the St. Louis Public School System.

■ The state board of education is required to approve school bus routes to determine the total miles each district should have for effective and economical transportation of students and must determine the allowable costs. § 163.161(2), RSMo 1986; *See also* 5 CSR 30–261.010(1)(B). There are no specific statutes granting the power or duty to designate safe bus routes and debusing points to school districts. Local governmental units such as school districts are creatures of the state, and must derive their authority from state law. *See Black v. State of Missouri,* 492 F.Supp. 848, 867[21] (D.Mo.W.D.1980).

However, each local board for metropolitan districts has been granted general and supervising control, government and management of the public schools and may appoint the officers, agents, and employees it deems necessary and proper. § 162.621, RSMo 1986. The superintendent of a school district is subject to the control of the school board and possesses general supervision powers over the school system, "including its various departments and physical properties, courses of instruction, discipline and conduct of the schools, textbooks and studies." § 168.211.2, RSMo 1986. The superintendent may appoint, with the approval of the board, as many associate and assistant superintendents as he deems necessary. § 168.211.1, RSMo 1986.

A school district's power to establish bus routes and debusing points is implicit in the general grant of power to local school boards and superintendents. Director's deposition establishes facts, beyond genuine dispute, showing he was vested with this duty. The fact that Director had a supervisor, the associate superintendent, or that the superintendent or school board may have ultimate authority to establish bus routes, does not indicate Director was not exercising his power independently without any other authority other than the law. *See Lilly*, 619 S.W.2d at 764[6]. Director was necessarily acting on behalf of the superintendent and board in exercising that power delegated to them and is immunized from liability to the same extent as the officials on whose behalf he acts. *Sherrill v. Wilson*, 653 S.W.2d 661, 667[4] (Mo. banc 1983).

Mother and Student also assert that Director, even if he is a public official, is not entitled to immunity because their claims are based on Director's ministerial rather than discretionary acts. A public official is entitled to immunity only for his discretionary acts performed in the exercise of his official duties. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 768–69[16] (Mo. banc 1984).

A discretionary act requires " 'the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued.' " *Id.* at 769[17] *quoting Jackson v. Wilson*, 581 S.W.2d 39, 43 (Mo. App.1979). A ministerial act, on the other hand, is "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Rustici*, 673 S.W.2d at 769[17], *quoting Jackson*, 581 S.W.2d at 43.

While these definitions are useful guidelines, "the decision as to whether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policy making or the exercise of professional expertise or judgment, and the likely consequences of withholding immunity." *Kangawa v. State by and Through Freeman*, 685 S.W.2d 831, 836[8] (Mo. banc 1985).

Here, Director was responsible for the safe and efficient transport of approximately 14,500 students. His responsibilities were not disputed. Performance of these duties in a safe and efficient manner necessarily involved consideration of many factors. Director relied on a staff of transportation specialists which possessed some expertise about lay-out of the city and potential drop-off points; if there was some question about a debusing site, a member of his staff would investigate. Director also indicated he drew on his extensive experience with traffic, presumably in his former position as a transportation specialist, in designating debusing sites. Director's responsibilities primarily required the exercise of his professional judgment, rather than the performance of routine tasks. We find Director's duties to be discretionary. *See Doe v. Special Sch. Dist. of St. Louis County*, 637 F.Supp. 1138, 1147[18] (D.Mo.1986 E.D.) (duties of school district administrators responsible for planning for transportation and ensuring the execution of transportation primarily required the exercise of judgment, rather than the performance of routine tasks in case involving a failure to supervise a bus driver.); *See also Jackson v. Wilson*, 581 S.W.2d 39, 44[3] (Mo.App.1979) (duty to keep park grounds safe involves the consideration of a great many circumstances and thus, necessarily involves the exercise of judgment or discretion rather than the mere performance of a prescribed task).

Student and Mother filed suggestions in opposition to Director's motion but did not furnish us with those suggestions on appeal. Thus, we must conclude they did not meet their burden of showing the fact that Director had the duty, conferred by law, to establish bus routes for his school genuinely disputed. *ITT Commercial Finance*

*Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993).

The trial court's entry of summary judgment for Director is affirmed.

AHRENS, P.J., and REINHARD, J., concur.