No. 94-3048

S.B.L., by and through his            *
parent and next friend; T.B.,         *
individually, and as parent           *
and next friend; B.D.C., Jr.,         *
by and through his parent and         *
next friend; C.J.C.,                  *
individually, and as parent           *
and next friend,                      *
                                      *
          Appellees,                  *
                                      *
     v.                               *
                                      *
James A. Evans;                       *
                                      *
          Defendant,                  *
                                      *
Elaine Brame, Hume School             *
District,                             *
                                      *
          Appellants.                 *
                                        Appeals from the United States
                                        District Court for the
                                        Western District of Missouri.

No. 94-3341

S.B.L., by and through his            *
parent and next friend; T.B.,         *
individually, and as parent           *
and next friend; B.D.C., Jr.          *
by and through his parent and         *
next friend; C.J.C.,                  *
individually and as parent and        *
next friend,                          *
                                      *
          Appellants,                 *
                                      *
James A. Evans,                       *
                                      *
          Defendant,                  *
                                      *
Elaine Brame; Hume School             *
District,                             *
                                      *
          Appellees.                  *

Submitted:  April 12, 1995

Filed:  April 4, 1996

Before LOKEN, Circuit Judge, and HENLEY and FRIEDMAN[*], Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Elaine Brame, a school official in the Hume School District (HSD), appeals the district court's denial of her motion for summary judgment seeking official immunity from a state law negligence claim filed by S.B.L. and B.D.C.[1], former elementary school students in HSD, and their parents (collectively plaintiffs).  Pursuant to 28 U.S.C. § 1292(b), plaintiffs challenge the district court's grant of summary judgment in favor of Brame on their 42 U.S.C. § 1983 claim.  Also pursuant to section 1292(b), HSD challenges the district court's denial of its motion for summary judgment on plaintiffs' sexual harassment claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.  We affirm the district court's denial of Brame's motion for summary judgment on her immunity claim and dismiss the appeal of the district court's order concerning the section 1983 and Title IX claims as improvidently granted.

For purposes of this appeal, we can briefly state the facts.  During the 1990-91 school year, S.B.L. and B.D.C. were students in James Evans' combined fifth and sixth grade class.  In January 1992, Evans was convicted of sexually assaulting S.B.L. and B.D.C.  Thereafter, plaintiffs filed the instant action in federal district court, alleging, among other things, a section 1983 violation and a state-law negligence claim against Brame, who was the elementary school principal and superintendent of HSD, and a Title

---

*The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

[1]Pursuant to the court's own motion, we have replaced with their initials the names of the minors and their parents involved in the facts of this case.

-2-

IX claim against HSD.[2]  Brame and HSD filed motions for summary judgment. Brame argued she could not be liable under section 1983 for Evans' abuse because she did not have notice of a pattern of his unconstitutional conduct and claimed official immunity as to the negligence claim.  HSD argued it was not liable under Title IX because it had no actual knowledge of Evans' abuse.  Plaintiffs opposed the motions and in support relied primarily on the depositions of Evans and Bea Salters, a custodial grandmother of several of Evans' former students.  Evans testified that he had "no doubt" that Brame was aware that he took male students from school to his house for tutoring and other activities.  Salters testified that it was common knowledge in the small community that Evans socialized at his house with male students.  In addition, Salters testified that she told Brame that Evans had sexually abused one of her grandsons when he was on an unsupervised non-school sponsored overnight trip with Evans and on another occasion told Brame that Evans had exposed himself to another grandson when he was at Evans' house.  Brame disputed the allegations, stating there was a school policy against fraternization and that she was unaware that Evans socialized with students at his house or took them on unauthorized trips.  However, Brame admitted that in 1986 Salters had complained to her that while one of Salters' grandsons was at Evans' house he said "something" to the child that Salters did not like.  Brame further stated that when she spoke to Evans about the complaint he assured her he would talk to Salters and "straighten it out."

The district court granted Brame's motion for summary judgment

---

[2]Plaintiffs also filed federal and state claims against Evans, who suffered a default judgment and does not appeal.

on the section 1983 claim.  For purposes of the motion, the court accepted Salters and Evans' testimony as true, but held that Brame was not liable under section 1983 because she did not have "notice of a pattern of unconstitutional acts committed" by Evans, as required by Jane Doe A. v. Special Sch. Dist., 901 F.2d 642, 645 (8th Cir. 1990).  However, the court denied Brame's immunity defense on the pendent negligent supervision claim, holding that under Missouri law she was not a public official, citing Jackson v. Roberts, 774 S.W.2d 860, 861 (Mo. Ct. App. 1989).

The court also denied HSD's motion for summary judgment on the Title IX claim.  Title IX, in relevant part, states: "No person . . . shall, on the basis of sex, . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."  20 U.S.C. § 1681(a).  In Franklin v. Gwinett County Pub. Sch., 503 U.S. 60 (1992), the Supreme Court held that Title IX afforded a student a damages action against a school district on a claim of intentional discrimination arising from alleged sexual harassment and abuse by a teacher.  However, the district court noted that neither the Supreme Court nor this court had set forth the standard of institutional liability under Title IX, and that lower courts were split on the applicability of the Title VII standard of holding an employer liable for "sexual harassment if the employer knew or should have known of the harassment and failed to take remedial action." Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1327 (8th Cir. 1994) (quoting Davis v. Tri-State Mack Distrib., Inc., 981 F.2d 340, 343 (8th Cir. 1992)).  Compare Hastings v. Hancock, 842 F. Supp. 1315, 1318 (D. Kan. 1993) (Title VII standard applicable to Title IX hostile environment claim) with Floyd v. Waiters, 831 F. Supp. 867, 876 (M.D. Ga. 1993) (Title VII standard inapplicable to Title IX claim which requires a showing of actual knowledge of harassment).  The district court was persuaded by Floyd and held that HSD could be liable for monetary damages under Title IX only if it had actual knowledge of a hostile

-4-

environment and failed to remedy it. The court denied HSD's motion for summary judgment, finding there was a disputed issue of fact concerning the extent of HSD's "knowledge of Evans's alleged prior sexual misconduct and of his unsupervised 'field trips.'"

Brame filed a notice of appeal of the district court's denial of her immunity defense on the pendent negligence claim. Pursuant to plaintiffs and HSD's request under section 1292(b), the district court certified that the section 1983 and Title IX issues presented "controlling question[s] of law as to which there [are] substantial ground[s] for difference of opinion and that an immediate appeal of the order may materially advance the ultimate termination of the litigation." An administrative panel of this court granted a joint motion for permission to appeal under section 1292(b).

We first address Brame's argument that the district court erred as a matter of law in rejecting her immunity defense on the pendent negligence claim. Brame does not dispute that the issue is controlled by state law and that "decisions of the state's highest court are to be accepted as defining state law unless the state court 'has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted.'" Gilstrap v. Amtrak, 998 F.2d 559, 560 (8th Cir. 1993) (quoting Taylor v. Arkansas Louisiana Gas Co., 793 F.2d 189, 191 (8th Cir. 1986)). She acknowledges that in Lehmen v. Wansiq, 624 S.W.2d 1, 2 (Mo. 1981), the Missouri Supreme Court reversed a ruling granting immunity to a school principal and superintendent from negligence claims. In Lehmen, the court noted that in Spearman v. University City Pub. Sch. Dist., 617 S.W.2d 68, 71 (Mo. 1981), it had held that teachers were not entitled to assert the defense of official immunity for acts of negligence and believed that Spearman was "apposite to principals and superintendents charged with liability for their personal fault for nothing appears immunizing these officials from actions for their direct tortious acts." 624 S.W.2d at 2 n.2.

-5-

Brame, however, argues that the statements in Lehmen concerning the immunity of principals and superintendents are dicta. Although we are inclined to disagree, see Robinson v. Norris, 60 F.3d 457, 460 (8th Cir. 1995) (statements necessary to court's decision are not dicta), petition for cert. filed, 64 U.S.L.W. 3399 (U.S. Nov. 21, 1995) (No. 95-817), even if the statements are dicta, they are persuasive authority and Brame "does not suggest that any subsequent [Missouri] case has questioned this definitive statement . . . by the highest court of the State." Donovan v. Farmers Home Admin., 19 F.3d 1267, 1269 (8th Cir. 1994). While Brame notes that in Webb v. Reisel, 858 S.W.2d 767, 769-70 (Mo. Ct. App. 1993), an appellate court held that a director of public school transportation was a public official entitled to assert an immunity defense, she acknowledges that Webb "ignores" Lehmen. Although in Lehmen and Spearman, the state supreme court did not expressly decide the question whether a principal or superintendent was a public official, the court made "clear that teachers [principals and superintendents] are not immune from liability for their negligent acts or omissions." Jackson v. Roberts, 774 S.W.2d at 861 (teacher and assistant principal not immune from negligence action). Thus, the district court did not err in rejecting Brame's claim of immunity.[3]

We now turn to the section 1292(b) appeal of the federal claims. As previously indicated, section 1292(b) provides that if a district court certifies that an "order involves [1] a controlling question of law as to which there is [2] a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of

---

[3]We are aware that in Larson v. Miller, No. 94-2691, slip op. at 16-17 (8th Cir. Feb. 20, 1996) (en banc), this court held that under the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-905 to § 13-926 (Reissue 1991), school officials were entitled to immunity on a student's negligence claim. Because Larson concerns Nebraska law, it is not controlling here.

-6-

the litigation[,] . . . [t]he Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order." [4] We have observed that "[i]nherent in these requirements is the concept of ripeness." Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979). In other words, even if all three requirements are satisfied, the factual basis of a claim must be developed so that "we can make a precise decision upon a precise record--not an abstract answer to an abstract question." Id. at 407. "The record before us should assure us that the legal issue has arisen and exactly how the problem arose before we fashion a response." Id.

In Paschall, although this court had granted permission to appeal an order concerning an antitrust issue and the issue had been briefed and argued, we dismissed the appeal. The court pointed out that it was not criticizing the district court for certifying the order or the panel for granting permission to appeal, explaining that a "close review of the merits . . . was necessary before this court arrived at the conclusion that section 1292(b) certification was not proper." Id. After review the court realized that resolution of the difficult legal issue required "[a] more complete factual and legal development in the district court." Id. Moreover, the court realized that "once factual and legal development of this case [wa]s completed . . ., the decision requested of us may no longer be necessary." Id.

Likewise, we reluctantly conclude that permission to appeal under section 1292(b) was improvidently granted. As to the Title IX issue, there is little doubt that the question of institutional liability presents "a controlling question of law as to which there

---

[4]The Supreme Court has recently made clear that "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court." Yamaha Motor Corp. v. Calhoun, 116 S. Ct. 619, 623 (1996).

is a substantial ground for difference of opinion."  Indeed, on appeal the parties have presented no less than four different legal theories upon which to impose liability.  Plaintiffs urge this court to adopt a strict liability standard, citing Leija v. Canutillo Indep. Sch. Dist., 887 F. Supp. 947, 953 (W.D. Tex. 1995), or in the alternative ask us to adopt the Title VII standard of liability, which would subject HSD to liability if it knew or should have known of Evans' harassment and failed to take sufficient remedial action.  In response, HSD argues that the strict liability standard and the constructive knowledge--the "should have known"--component of the Title VII standard are incompatible with Franklin's holding that monetary damages are available for intentional violations of Title IX.  HSD maintains that only an actual knowledge standard comports with Franklin.

It has become apparent to us that because there are a "number of unresolved factual issues bearing on the framing and formulation of the legal questions . . . to answer the legal questions presented would require an exposition sufficiently broad to cover the various factual ramifications that may occur."  International Soc'y for Krishna Consciousness v. Air Canada, 727 F.2d 253, 256 (2d Cir. 1984) (per curiam) (internal quotation omitted).  "[We] decline[] to provide such a sweeping statement."  Id. "The purpose of section 1292(b) is not to offer advisory opinions 'rendered on hypotheses which [evaporate] in the light of full factual development.'" Paschall, 605 F.2d at 406 (quoting Minnesota v. United States Steel Corp., 438 F.2d 1380, 1384 (8th Cir. 1971)).

For example, we do not know whether the trier of fact will believe any or all of Salters' testimony.  If the trier of fact credits her testimony that she told Brame on two occasions that Evans had sexually abused her grandsons and HSD failed to take sufficient remedial action, it may not be necessary to decide whether a strict liability standard is appropriate or whether HSD had knowledge of a hostile environment based on Evans'

"unsupervised field trips."  On the other hand, if the trier of fact discredits Salters' testimony regarding Evans' abuse, then we would not have to decide the question whether as a matter of law her testimony was incredible or too remote in time to establish knowledge of a hostile environment.

As was stated in Paschall and fully applicable here:

> The legal questions should not be considered in the abstract.  There must be precision in the proof of fact worthy to serve as the premises essential to balance and weigh the legal issues involved.  Upon full review of the record we are satisfied that precision is lacking here.  Our analysis leads us to conclude that the issues presented on appeal are too significant and far reaching to be decided without the full evidentiary record.

Paschall, 605 F.2d at 411 (quoting Minnesota v. United States Steel Corp., 438 F.2d at 1384).  We thus dismiss the appeal of the order denying summary judgment on the Title IX issue as improvidently granted.

In addition, permission to appeal the order was improvidently granted because the section 1983 issue does not present "a controlling question of law as to which there is a substantial ground for difference of opinion."  Indeed, the district court recognized that in Jane Doe A. this court gave "clear guidance" on section 1983 liability of school officials.  We note that the court en banc recently has reaffirmed Jane Doe A.'s requirement that, among other things, a school official is liable under section 1983 only if he or she has "'[r]eceived notice of a pattern of unconstitutional acts committed by subordinates.'"  Larson v. Miller, No. 94-2691, slip op. at 8 (8th Cir. Feb. 10, 1996) (quoting Jane Doe A., 901 F.2d at 642).  In Larson, this court found that there was no notice of a pattern of abuse based on one complaint, noting "we have held far more extensive records of prior unheeded complaints insufficient to constitute a pattern of

unconstitutional behavior." Id. at 10. In particular, we pointed out that in Jane Doe A. we found no pattern of unconstitutional conduct even though over a two-year period officials had received complaints that a "bus driver had used foul language, physically restrained and assaulted children, kissed a child, placed his hand down a boy's pants, and touched boys' crotches." Id. In the present case, because the section 1983 "legal issue[] [is] not novel, nor is there a substantial basis for difference of opinion, as the law is relatively well-settled[,]" it cannot serve as a basis for the district court's certification under section 1292(b). White v. Nix, 43 F.3d 374, 377 n.3 (8th Cir. 1994).[5]

Accordingly, we affirm that portion of the district court's order rejecting Brame's immunity defense on the pendent negligence claim and remand for further proceedings, and dismiss the section 1292(b) appeal concerning the Title IX and section 1983 issues as improvidently granted.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Were we to address the merits of the section 1983 claim, we might well affirm the district court's order granting Brame's motion for summary judgment. However, because "[t]he requirements of § 1292(b) are jurisdictional[,]" we dismiss the appeal. White v. Nix, 43 F.3d at 376. See also Burrell v. Board of Trustees, 970 F.2d 785, 789 (11th Cir. 1992) (dismissing 1292(b) appeal because "agreement with the district court is so complete and unequivocal that we cannot make out the 'substantial ground for difference of opinion' as required by section 1292(b)"), cert. denied, 507 U.S. 1018 (1993).